**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLIFFORD WILLIAMS, | : | |
| | : | Civil Action No. 05-4451 (JAG) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NELSON RIVERA, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    CLIFFORD WILLIAMS, Plaintiff <u>pro se</u>
    118 W. 13th Street, Apt. 1R
    Bayonne, New Jersey 07002

**GREENAWAY, JR.**, District Judge

Plaintiff Clifford Williams ("Williams"), residing at 118 W. 13th Street, Apt. 1R in Bayonne, New Jersey, seeks to bring this action <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court shall grant Williams' application to proceed <u>in forma pauperis</u> and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the

reasons stated below, the Court finds that the Complaint should be dismissed in its entirety as to all defendants.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint and attachments, and are accepted as true for purposes of this review.  The Court notes, however, that the pleading by plaintiff is mostly incomprehensible and appears to state facially incredible claims.[1]  Williams also attaches numerous documents that are unrelated to his claims and do not tend to support his allegations.  He continues to supply this Court, unbidden, with documents and, most recently tape recordings, which fail to evince any factual support for the general claims of harassment and civil rights violations asserted by Williams in his initial Complaint.

In his Complaint, Williams generally alleges that, on August 5, 2004, he was arrested by the defendants in a criminal conspiracy to retaliate against him for having filed a harassment complaint against these defendants in a Bayonne municipal court. The named defendants are: Nelson River, a Jersey City Police Officer; Joseph Lynch, a Bayonne Police Officer; Susan Ferraro, a Bayonne Municipal Court Prosecutor; Steven Salot, a Bayonne

---

[1] Williams has been diagnosed with paranoid schizophrenia and has been prescribed psychotropic medications.  He is under the outpatient care of the Bayonne Community Mental Health Center.

Police Officer; Richard Korpi, a New York City police Officer; Joong Kim, plaintiff's landlord; Seung Lee Kim, his landlord's wife; and Steven T. Dato, a New York City Police Lieutenant. Williams further alleges that defendants Ferraro, Kim and his wife, and Korpi conspired to kill plaintiff by a gas leak in the basement of his apartment building.

On August 5, 2004, while plaintiff was walking to go food shopping, he was stopped by defendant Rivera, who had a dog with him. Rivera gave the dog a command to watch plaintiff. Plaintiff told Rivera not to do this and held up his keys which had a pocket knife attached. Williams explained to Rivera that he carried the knife to peel off tape he used to cover the keyhole to his apartment door. He did this to prevent his landlord from entering his apartment to take his legal documents. It appears from the Complaint, that Rivera allowed Williams to go, but later on that day, Williams was arrested, his keys and other belongings on his person were confiscated, and Williams was handcuffed and leg cuffed. Williams states that he began to break down, from the arrest and from the defendants pulling on his cuffs and taunting him, and he was taken to the hospital. Williams was allegedly admitted for a mental breakdown.

Williams submitted a newspaper article in the Jersey Journal, dated August 7, 2004, which states that he was arrested on August 5, 2004 and charged with making terroristic threats and

two counts of weapons possession when Williams approached and threatened an off-duty Jersey City police officer with a switch-blade.  The officer was walking his dog with his wife in Bayonne, when Williams allegedly headed towards the couple and their dog with an open switch-blade in his hand.  After Williams left, the officer notified the Bayonne police of the encounter and the police located and questioned Williams.  Williams was then arrested and the officer filed a complaint against him.

Williams asserts that this incident and the resulting arrest are false and were done in order to stop court proceedings that Williams initiated in a New Jersey municipal court against defendant Korpi for harassment.  It is not clear from the allegations or any of the documents provided by plaintiff whether the harassment complaint against Korpi is still pending.  It does appear, however, that the criminal charges against Williams for the August 5, 2004 incident may still be pending in state court.

Williams is not presently incarcerated.  In his request for relief, Williams seeks only that this Court enjoin the state court criminal proceedings, appoint an attorney to defend and represent him, and protect plaintiff from the "police corruption and criminal conspiracy against [his] constitutional rights." (Complaint, ¶ 7).

4

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Williams has sought indigent status under 28 U.S.C. § 1915, and this Court has determined that he qualifies for in forma pauperis status by virtue of his affidavit of indigence. However, where a person is proceeding in forma pauperis, the district court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.  SECTION 1983 ACTIONS

Although Williams does not expressly state in his pleading that he is proceeding under 42 U.S.C. § 1983, the Complaint specifically alleges violations of Williams' civil rights, in particular the Fourth and Fourteenth Amendments, guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  It should be noted that Williams is not seeking monetary damages, but rather only injunctive relief against the named defendants.

In the Complaint, there are no allegations that defendants Joong Kim and Seung Lee Kim are persons acting under color of state law.  They are ordinary citizens and the landlords at

plaintiff's apartment building.  Therefore, they cannot be held liable under § 1983.  To the extent that Williams is asserting claims of harassment, these are common law claims over which this Court has is no subject matter jurisdiction.[2]  Finally, even if the Court were to construe Williams' claim against the Kims liberally, as one seeking injunctive relief compelling criminal charges against them, this Court finds that such a claim alleging failure to pursue or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  This Court notes that plaintiff has himself filed charges against the Kims in municipal court, and it is not for this Court to intervene in those state court proceedings.  Therefore, the Complaint should be dismissed in its entirety as against the defendants Joong Kim and Seung Lee Kim.

## IV. ANALYSIS

An analysis of the remaining defendants requires, in the first instance, that this Court construe the allegations of the

---

[2] Subject matter jurisdiction in this instance may be predicated on federal question jurisdiction under 28 U.S.C.§ 1331, or diversity jurisdiction under 28 U.S.C. § 1332.  There is no diversity of citizenship with respect to Williams and the Kims as they all reside in New Jersey.  As stated above, there is no federal question jurisdiction, because the Kims, who are not state actors, cannot be held liable under 42 U.S.C. § 1983.

Complaint most liberally for the pro se plaintiff, the Court finds that the Complaint alleges the following claims: (1) malicious prosecution; (2) harassment; (3) conspiracy; (4) false arrest; and (5) excessive force in violation of the Fourth Amendment.  While it appears from the Complaint that the general allegations made by Williams are fantastical and factually unsupported by the documents he has submitted with his Complaint and in later filings here, this Court finds alternative, and more appropriate grounds, on which to dismiss the Complaint at this preliminary stage, as stated below.

A.   Claims as to the Municipal Prosecutor

Williams alleges that prosecutor Susan Ferraro conspired with the defendant police officers in bringing charges against Williams in retaliation for contacting the Mayor of Bayonne, in which Williams complained about Ferraro's alleged misconduct in the prosecution of Williams' complaints against Korpi and the Kims.

"[A] state prosecuting attorney who act[s] within the scope of [her] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  See also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402, 1417 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).  A prosecutor's appearance in court as an

9

advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. Likewise, prosecutors are absolutely immune from liability when appearing before grand juries to present evidence. Burns v. Reed, 500 U.S. 478, 492 (1991). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v. Bartle, supra; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where [she] acts without a good

10

faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343.  In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges.  Kulwicki, 969 F.2d at 1464.

Here, Williams' claims against the municipal prosecutor, Ms. Ferraro, is premised on her conduct in prosecuting cases in municipal court.  Thus, Ms. Ferraro's actions were clearly undertaken in the course of her function as a prosecuting attorney, preparing for the initiation of judicial proceedings, and in the course of her role as an advocate for the State of New Jersey.  Consequently, it is plain that Ms. Ferraro was acting in her official prosecutorial role, and she is protected by an absolute immunity from § 1983 liability for her conduct during pre-trial and trial proceedings.

Furthermore, to the extent that Williams seeks a dismissal or stay of the indictment based on the thinly alleged prosecutorial misconduct, the action must be dismissed.  The appropriate avenue for this type of relief is through direct appeal and exhaustion of state court remedies, and then, a federal habeas petition rather than a civil complaint under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Moreover, to the extent that these state charges are still pending in state court, this Court is constrained by Younger v.

11

Harris, 401 U.S. 37 (1971) to abstain from reviewing any constitutional or federal statutory claim that plaintiff has the opportunity to raise in his ongoing state criminal proceedings.

Therefore, the Complaint will be dismissed in its entirety as to defendant Ferraro, for failure to state a claim and because defendant Ferraro is immune from liability. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

E.   Claims as to the Police Officers

The bulk of the allegations pertain to the named police officers, Nelson Rivera, Joseph Lynch, Richard Korpi, Steven Salot, and Steven T. Dato. Williams alleges that these defendants have engaged in a criminal conspiracy to harass, assault, malign, threaten, and prosecute plaintiff in retaliation for his involvement in informing federal and state law enforcement authorities about police corruption in New York and New Jersey. Williams also claims that he is targeted for retaliation because of the criminal charges he brought against Salot and Korpi in municipal court. There is no question that these defendants, as police officers, were acting under color of state law, which would make them subject to liability under § 1983 on the general claims of harassment, conspiracy, false arrest, malicious prosecution, and excessive force.

However, in this case, Williams seeks only injunctive relief in his Complaint, namely, an Order directing the dismissal or

stay of state court criminal charges, appointment of counsel in his state court case, and enforcement of criminal charges against these defendants for his protection. These claims, which either directly challenge his indictment or involve conduct related to his pending state court criminal proceedings, are not cognizable under § 1983, but instead, should be raised in his pending state criminal case. As stated earlier in this Opinion, a federal court generally will not intercede to consider issues that plaintiffs have an opportunity to raise before the state court. Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). Here, it would appear that plaintiff's criminal proceeding is still pending; thus, state proceedings implicating important state interests are ongoing and plaintiff has the opportunity to raise

13

his claims in his state proceedings. Williams has not demonstrated any grounds to support intervention by this federal court in state court matters. Indeed, the allegations of harassment and malicious prosecution are facially incredible, especially in light of plaintiff's history of paranoid schizophrenia. Rather, it would appear that Williams himself has filed numerous charges against these police officer defendants in municipal court, and has made repeated complaints to various state and federal agencies, none of which have resulted in findings of actual harassment or a conspiracy to harm or threaten plaintiff. There is only one pending state criminal charge against plaintiff, and this charge was clearly brought as a result of Williams' threatening conduct towards defendant Rivera and his wife. Accordingly, this Court is constrained by <u>Younger</u> to dismiss these fantastical claims for injunctive relief without prejudice.

Moreover, if Williams is eventually convicted of the alleged charges in his now-pending state criminal matter, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal

14

constitutional or statutory law.  Preiser v. Rodriguez, 411 U.S. 475 (1973).[3]

C.  False Arrest Claim

It appears from the Complaint that Williams is alleging a claim of false arrest with respect to the incident of August 5, 2004.  An arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman,

---

[3] This finding would not apply to plaintiff's claims for false arrest, malicious prosecution, and excessive force, which are discussed separately in this Opinion, infra.

15

47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").

To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).[4] "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).[5]

---

[4] A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989). In this instance, Williams' arrest occurred on August 5, 2004; therefore, a § 1983 claim for false arrest accrued on that date, making Williams' action on this claim timely.

[5] A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

16

Here, Williams admits that he was arrested by defendants based on an altercation he had with the complaining off-duty officer. It also appears that Williams was indicted, although he disputes the validity of the signature on the indictment. Williams also submitted a newspaper article which stated that the police arrested him after he wielded a switch-blade to an off-duty police officer, who subsequently signed the complaint against Williams. Thus, under these facts, probable cause for the arrest is demonstrated and Williams' claim for false arrest must be dismissed for failure to state a claim.

D. Malicious Prosecution

Next, the Court construes plaintiff's allegations as asserting a claim of malicious prosecution against the defendants. In order to state a prima facie case for a § 1983 claim of malicious prosecution, pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).

Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice,

17

(3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, it appears that Williams cannot sustain a malicious prosecution claim at this time because the criminal proceeding has not terminated favorably to him.  Moreover, Williams is unable to meet every element necessary to state a cognizable claim of malicious prosecution.  As discussed above, plaintiff alleges facts indicating that there was probable cause for his arrest on August 5, 2004; thus, Williams cannot satisfy either the second or third elements of a malicious prosecution claim.  Therefore, the malicious prosecution claim should be dismissed for failure to state a claim.

E.   Excessive Force Claim

18

Finally, it would appear that Williams may be alleging a claim of excessive force against certain defendants with respect to his August 5, 2004 arrest, although he does not seek damages with respect to this claim.  Claims of excessive force during arrests, investigatory stops, and other seizures are governed by the Fourth Amendment.  See Graham v. Conner, 490 U.S. 386 (1989). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999).  See also Graham v. Connor, 490 U.S. at 396-97 (force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

Here, Williams alleges that, on August 5, 2004, he was hand and leg cuffed by Bayonne police officers and was taunted by them.  He does not specifically allege physical injury, but he apparently was taken to the hospital because he had a "mental breakdown" as a result of the arrest.  Williams does not allege that he attempted to run, or threatened the police officers with harm, or was in any way resisting arrest.  Given the scant facts surrounding the arrest, it is not clear whether plaintiff's mental condition precipitated the cuffs and restraints by the police officers at the time.  Therefore, as pleaded, Williams'

19

allegations are not sufficient to withstand dismissal at this time because there are no factual assertions that the defendants may have intentionally harmed plaintiff without apparent provocation for the very purpose of causing harm.  Moreover, the only redress that Williams seeks in his Complaint is the dismissal of the charges, which is not actionable here for the reasons stated in this Opinion at Section B, supra.

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed without prejudice, in its entirety as against all defendants, for failure to state a cognizable claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Further, the Complaint will be dismissed with prejudice as to defendant, Susan Ferraro, a municipal prosecutor, because she is protected by immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and because plaintiff has failed to state a cognizable claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's application for appointment of counsel (Docket Entry No. 5) will be dismissed as moot.  An appropriate Order follows.


                                    S/Joseph A. Greenaway, Jr.
                                    JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:   February 24, 2006